# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| CHERLYNN SUZANNE HECKER §<br>§<br>vs. §<br>§<br>TORRANCE DALE GLEASON and §<br>ADVANCE BUILDING SPECIALTIES, §<br>INC., a Mississippi corporation, §<br>§ | CIVIL ACTION NO. |

## COMPLAINT FOR DAMAGES

Plaintiff, CHERLYNN SUZANNE HECKER, ("Ms. Hecker") sues Defendants, TORRANCE DALE GLEASON ("Mr. Gleason") and ADVANCE BUILDING SPECIALTIES, INC. ("ABS") and alleges:

### Synopsis of Claim

1. This is a personal injury claim arising from a motor vehicle collision that occurred on December 18, 2020, on Interstate 10 in Mobile County, Alabama. The collision involved 3 vehicles. Ms. Hecker, the restrained driver of the stationary middle vehicle was struck from behind by Mr. Gleason, the driver of a commercial truck owned by ABS. The impact of the collision forced Ms. Hecker's vehicle into another vehicle, also stationary, ahead of her. This double impact collision caused her severe acute neck, shoulder, and chest trauma, resulting in surgeries, significant permanent injury and associated economic and non-economic monetary damages.

Identity of the Parties

2. Ms. Hecker, the Plaintiff, is, and was, at all times relevant, a Florida citizen, residing at 654 Country Club Ave., NE., Fort Walton Beach, Florida, 32547. Ms. Hecker currently resides at 1060 Gerhardt Drive, Pensacola, Florida 32503.

3. Mr. Gleason, the Defendant driver, was at the time of the incident a Louisiana citizen, residing at 1604 Deborah Dr., Saint Bernard, Louisiana, 70085.

4. ABS, the Defendant vehicle owner, was at the time of the incident a Mississippi For-Profit Corporation whose principal office address was and is located at 213 N. Main St., Suite C, Petal, Mississippi, 39465-2337.

Jurisdiction

5. The parties involved in this accident have complete diversity of citizenship insofar as:

    a. Ms. Hecker is, and was, at all times relevant, a citizen of the State of Florida.

    b. Mr. Gleason is, and was, at all times relevant, a citizen of the State of Louisiana.

    c. ABS is, and was, at all times relevant, a citizen of the State of Mississippi.

6. Ms. Hecker has sustained damages in excess of $75,000.00. Her damages are continuing.

## Venue

7. The incident giving rise to this claim occurred in Mobile County, Alabama within the jurisdictional boundaries of the United States District Court, Southern District of Alabama.

## General Allegations

8. On Friday, December 18, 2020, shortly after 4:00 p.m., Ms. Hecker, was stopped in westbound traffic on Interstate 10 near mile marker 28 and the intersection with Addsco Road, near the Wallace Tunnel entrance.

9. She was at the end of a line of stationary vehicles stopped in traffic when she was struck from behind by a vehicle owned by ABS and driven by Mr. Gleason. That vehicle, on information and belief, is a 2016 GMC Sierra truck with VIN 1GT21REG3GZ100969 with Mississippi license tag 1AF3539.

10. The impact of the crash forced Ms. Hecker's vehicle into the vehicle in front of her, also stopped in stationary traffic.

## Direct Negligence of Mr. Gleason

11. Plaintiff realleges and incorporates herein paragraphs 1 through 10 above.

12. Mr. Gleason owed a duty to Ms. Hecker and the general driving public to operate the vehicle competently in a safe and reasonable manner.

13. Mr. Gleason negligently operated the vehicle so that it collided with Ms. Hecker's vehicle.

14. As a result of said negligence and the resultant double impact forces, Plaintiff, Cherlyn Hecker suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Direct Negligence Against ABS

15. Plaintiff realleges and incorporates herein paragraphs 1 through 14 above.

16. ABS, as the employer/principal of its employee/agent, Mr. Gleason directed Mr. Gleason in the performance of his duties.

17. ABS owed a duty to Ms. Hecker and the general driving public to conduct its operations in a safe and competent manner.

18. Shortly before this collision, ABS dispatched Mr. Gleason to travel to South Florida to perform work for the benefit of ABS and its customers and clients.

19. ABS knew or should have known that Mr. Gleason would require sufficient rest in order to operate the ABS vehicle safely throughout this interstate trip.

20. ABS scheduled Mr. Gleason such that he was compelled to attempt lengthy solo interstate travel without sufficient rest. As a result of ABS' negligence Mr. Gleason operated the ABS vehicle in a negligent manner so that it collided with Ms. Hecker's vehicle.

21. As a result of said negligence and the resultant double impact forces, Plaintiff, Cherlyn Hecker suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

<u>Agency/Respondeat Superior</u>

22. Plaintiff realleges and incorporates herein paragraphs 1 through 16 above.

23. ABS employed Mr. Gleason and owned and provided the vehicle he was driving at the time of the incident.

24. Mr. Gleason was, at all times relevant, operating this vehicle in the course and scope of his employment with ABS and in the furtherance of the business of ABS.

25. At all times relevant, Mr. Gleason was the agent of ABS.

26. Mr. Gleason negligently operated the vehicle so that it collided with Ms. Hecker's vehicle.

27. As a result of said negligence and the resultant double impact forces, Plaintiff, Cherlyn Hecker suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## Negligent Entrustment

28. Plaintiff realleges and incorporates herein paragraphs 1 through 14, 16 through 18, and 23 through 27 above.

29. ABS, as the owner of the vehicle driven by Mr. Gleason, entrusted its vehicle to its employee/agent, Mr. Gleason.

30. Mr. Gleason was incompetent and that incompetence was known, or should have been known with the exercise of reasonable diligence, to ABS at the time it entrusted the vehicle to Mr. Gleason.

31. Mr. Gleason incompetently operated the vehicle so that it collided with Ms. Hecker's vehicle.

32. As a result of that incompetence and the resultant double impact forces, Plaintiff, Cherlyn Hecker suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including pre-judgment interest on economic losses, and any other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

/s/ Thomas F. Gonzalez
THOMAS F. GONZALEZ,
Alabama Bar No. 9884-O62T
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Office: (850) 432-2451
tfg@beggslane.com
eServeTFG@beggslane.com