IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHERLYNN SUZANNE HECKER,  )   | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:22-00310-JB-N |
| ) | |
| TORRANCE DALE GLEASON *and*  ) | |
| ADVANCE BUILDING  ) | |
| SPECIALTIES, INC.,[1]  ) | |
|     Defendants.  ) | |

## ORDER

The Plaintiff recently commenced this civil action by filing a complaint with the Court. *See* (Doc. 1); Fed. R. Civ. P. 3. Upon *sua sponte* review by the undersigned Magistrate Judge of the Court's subject matter jurisdiction,[2] the Plaintiff will be

---

[1] The artificial entity defendant is identified as "Advanced Building Specialties" on the docket, but as "Advance Building Specialties, Inc." in the complaint. (*See* Doc. 1, PageID.1). The Clerk of Court is **DIRECTED** to update the docket to identify the artificial entity defendant as "Advance Building Specialties, Inc.," consistent with the complaint.

[2] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

    Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128

ordered to file an amended complaint to correct defects in her jurisdictional allegations.

The complaint alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added)

---

F.3d 1466, 1469 (11th Cir. 1997).

(footnote omitted). *See also, e.g., Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[3]

The Plaintiff's allegations in support of the parties' citizenships are deficient for the following reasons:[4]

1. Subject to inapplicable exceptions, for purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). The complaint alleges that Defendant Advance Building Specialties, Inc. "was at the time of the incident a Mississippi For-Profit Corporation whose principal office address

---

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[4] Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim … that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…")). Here, the Plaintiff alleges that she "has sustained damages in excess of $75,000.00" and that her "damages are continuing." Considering those allegations in conjunction with the underlying facts and causes of action asserted, the undersigned finds that the Plaintiff has sufficiently alleged the requisite minimum amount in controversy.

was and is located at 213 N. Main St., Suite C, Petal, Mississippi, 39465-2337." (Doc. 1 ¶ 4, PageID.2). The allegation of Advance being "a Mississippi For-Profit Corporation" presumably means Advance was organized under that state's laws. However, a mere allegation of "principal office address" is not equivalent to, and therefore insufficient to allege, Advance's "principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."). Accordingly, the Plaintiff must amend her complaint to specifically allege the state where Advance's "principal place of business" is located.

2. Moreover, the Plaintiff bases Advance's citizenship on facts as they were "at the time of the incident" underlying her claims, which occurred on December 18, 2020. (*See* Doc. 1 ¶¶ 1, 4, PageID.1-2). She does the same for natural person defendant Torrance Dale Gleason, alleging that he "was *at the time of the incident* a Louisiana citizen, residing [in] … Saint Bernard, Louisiana…"

(Id. ¶ 3, PageID.2 (emphasis added)).[5] However, it is "hornbook law" that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004). Accordingly, the Plaintiff must amend her complaint to allege facts indicating the citizenships of Advance and Gleason on August 9, 2022, the date the complaint was filed, and not on the date of the subject incident.[6]

3. The Plaintiff alleges that she "is, and was, at all times relevant, a Florida citizen…" (Doc. 1 ¶ 2, PageID.2). However, she alleges that she "is…residing"/"currently resides at" two different Florida addresses. (*Id.*). This inconsistency as to current residence, coupled with the fact that "[c]itizenship is equivalent to 'domicile' [rather than mere 'residence'] for purposes of diversity jurisdiction[,]" *McCormick v. Aderholt*, 293 F.3d 1254,

---

[5] The Plaintiff correctly recognizes that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367.

[6] True, the Plaintiff later alleges that "Mr. Gleason is, and was, at all times relevant, a citizen of the State of Louisiana[,]" and that Advance "is, and was, at all times relevant, a citizen of the State of Mississippi." (Doc. 1 ¶¶ 5(b)-(c), PageID.2). However, the Court cannot simply accept these general allegations at face value when the more specific allegations regarding citizenship that precede them clearly indicate these statements are based on faulty premises, as has been explained herein.

1257 (11th Cir. 2002),[7] calls into doubt the Plaintiff's general allegation regarding her state of citizenship. Accordingly, the Plaintiff must amend her complaint to allege her state of "domicile," rather than residence.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the Plaintiff is **ORDERED** to file, no later than **AUGUST 26, 2022**, an amended complaint that corrects the above-noted deficiencies in her allegations supporting diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[8] "must reproduce the entire pleading as amended and may not

---

[7] "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257-58 (quotations omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....' " *Travaglio*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

[8] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the

incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or the failure to adequately allege a basis for subject matter jurisdiction in the amended complaint, may result in entry of a recommendation that this action be dismissed *sua sponte* for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**DONE** and **ORDERED** this the 11th day of August 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

Federal Rules, an amended complaint supersedes the original complaint.").